UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------ x
RIVERSIDE CAPITAL, LLC                        :
                                              :
                    Plaintiff,                :
                                              :
       v.                                     :    3:25-CV-247 (SFR)
                                              :
WELLS FARGO BANK, N.A.,                       :
                                              :
                    Defendant.                :
------------------------------------------------------------ x
```

**MEMORANDUM & ORDER**

Plaintiff Riverside Capital, LLC ("Riverside") filed a one-count Complaint against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") seeking a declaratory judgment that its service of Connecticut prejudgment remedy documents on Wells Fargo's registered agent in the District of Columbia was valid service under Connecticut law and such service required Wells Fargo to process the documents in the same fashion as if it had been served in Connecticut. Wells Fargo has moved to dismiss the Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Wells Fargo argues that Riverside's attachment of assets is void as Riverside failed to timely file an action in Connecticut Superior Court. According to Wells Fargo, as the attachment was void at the time this federal case was filed, there is no actual controversy between Riverside and Wells Fargo and the declaratory judgment sought would be merely advisory. I agree and thus dismiss the Complaint for lack of subject matter jurisdiction.

1

I.   **BACKGROUND**

   A.   **Factual Background**

The following facts are either taken from the Complaint or are matters of which I may take judicial notice.[1]

Riverside is a limited liability company based in Connecticut. Compl. ¶ 1, ECF No. 1. Riverside's sole member is MCA Receivables Group, LLC, a Delaware limited liability company whose sole member is a citizen of Florida. *Id.* ¶ 2. Wells Fargo is a corporation with its principal place of business in South Dakota. *Id.* ¶ 4.

On or about December 31, 2024, Riverside purchased future receivables from Pacific Palliative Service, Inc. ("Pacific"). *Id.* ¶ 7. On or about January 16, 2025, Pacific defaulted under the Purchase and Sale Agreement. *Id.* ¶ 8. That same day, Riverside served Connecticut prejudgment remedy documents on Wells Fargo's registered agent in the District of Columbia. *Id.* ¶ 9. On January 17, 2025, a representative of Pacific contacted Riverside's counsel to inform him that Wells Fargo had frozen Pacific's business account. *Id.* ¶ 11. The amount of the freeze was enough to satisfy Riverside's claim. *Id.* ¶ 12. On or about January 18, 2025, Wells Fargo released all frozen funds back to Pacific. *Id.* ¶ 13. Contemporaneously with this release, Pacific transferred the funds beyond the reach of Riverside. *Id.* ¶ 14.

---

[1] On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, courts may consider evidence outside the pleadings. *Student Members of Same v. Rumsfeld*, 321 F. Supp. 2d 388, 392 (D. Conn. 2004). On a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts may look beyond the pleadings to consider a fact that is subject to judicial notice or is contained within a document that is integral to the complaint. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998). "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d. Cir. 2006) (citation and internal quotation marks omitted).

According to the Complaint, Wells Fargo was properly served pursuant to Conn. Gen. Stat. § 52-57a, and Wells Fargo had no legitimate basis for releasing the attachment. *Id.* ¶¶ 15-16. Riverside alleges it incurred significant financial losses as a result of Wells Fargo's actions. *Id.* ¶ 17.

Wells Fargo attaches to its Motion to Dismiss the documents allegedly served on Riverside on January 16, 2025, which include: (1) a Writ, Summons, and Direction for Garnishment or Attachment; (2) an Affidavit of Debt; (3) an Application for Ex Parte Prejudgment Remedy; (4) a proposed Complaint; and (5) a Notice of Ex Parte Pre-Judgment Remedy/Claim for Hearing to Dissolve or Modify (collectively, "PJR Documents"). *See* ECF No. 15-2. Wells Fargo asserts—and Riverside does not dispute—that Riverside never filed any of the PJR Documents, or any other documents relating to its dispute with Pacific, in Connecticut Superior Court. Def.'s Mem. of L. in Supp. of Mot. to Dismiss ("Def.'s Mem."), ECF No. 15-1.[2]

### B.  Procedural History

Riverside commenced this action in federal court with a one-count Complaint filed on February 18, 2025. Compl. The Complaint asks this Court to issue a declaratory judgment that (1) service of the PJR Documents on Wells Fargo's registered agent in the District of Columbia was valid service pursuant to Conn. Gen. Stat. § 52-57a and (2) such service triggered a legal

---

[2] The Connecticut Judicial Branch-Superior Court Case Look-up does not record that Riverside has filed any action against Pacific, let alone one that might have included the filing of the prejudgment process at issue in this case. *See* Superior Court Case Look-up, State of Connecticut Judicial Branch (accessed 12/16/2025), https://civilinquiry.jud.ct.gov/PartySearch.aspx.

obligation for Wells Fargo to process the documents in the same fashion as had the documents been served in Connecticut.

On July 21, 2025, Wells Fargo filed a Motion to Dismiss and accompanying memorandum of law. Def.'s Mot. to Dismiss, ECF No. 15; Def.'s Mem. On July 29, 2025, I issued an order staying discovery pending my decision on the Motion to Dismiss. ECF No. 18. Riverside responded to Wells Fargo's Motion to Dismiss on September 1, 2025. Pl.'s Opp. to Def.'s Mot. to Dismiss ("Pl.'s Mem."), ECF No. 22. Wells Fargo replied in support of its Motion on September 15, 2025. Def.'s Reply Mem. to Pl.'s Opp. to Mot. to Dismiss ("Def.'s Reply"), ECF No. 23.

## II.    LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (citation and internal quotation marks omitted). "It is well-settled that the 'plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.'" *Matthias v. United States*, 475 F. Supp. 3d 125, 133 (E.D.N.Y. 2020) (quoting *Aurecchione v. Schooman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Although the court "must accept as true all material factual allegations in the complaint," a court should not "draw inferences from the complaint favorable to plaintiff." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings." *Student Members of Same v. Rumsfeld*, 321 F. Supp. 2d 388, 392 (D. Conn. 2004) (quoting *Luckett*, 290 F.3d at 496-97).

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155-56 (D. Conn. 2016). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. I must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). However, I am not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008).

### III.    DISCUSSION

Wells Fargo contends that because Riverside failed to timely file the PJR Documents in Connecticut Superior Court, the Writ of Garnishment is void and no present controversy exists between Wells Fargo and Riverside. Riverside responds that even if the Writ of Garnishment has lapsed, an actionable controversy arose and existed at the moment Wells Fargo "disregarded the valid service" of the Writ and released the funds to Pacific. Pl.'s Mem. 3. Thus, according to Riverside, this Court can issue declaratory relief.

I agree with Wells Fargo that Riverside cannot satisfy Article III's case and controversy requirement as a declaratory judgment would have no implications for either party given that the Writ is void.

### A.     The Writ of Garnishment Is Void

Riverside seeks a declaratory judgment that the PJR Documents were properly served under Connecticut law and imposed on Wells Fargo a legal obligation to treat those documents as if they had been served in Connecticut. However, I conclude that the Writ of Garnishment allegedly served on Wells Fargo is void under Connecticut law.

The courts of Connecticut have been clear that any prejudgment remedy must strictly comply with the terms of the statute. "[T]he plaintiff's right to a [prejudgment remedy] is founded and regulated by statute, [and therefore] the law mandates strict compliance with the authorizing statute." *William Beazley Co. v. Business Park Associates, Inc.*, 34 Conn. App. 801, 803 (1994). "The power of taking property by attachment, before any just debt or claim has been established, is an extraordinary power, given by statute, against common right; and no title can be acquired by its exercise, except by strict compliance with the terms of the statute." *Feldman v. Sebastian*, 261 Conn. 721, 725-26 (2002).

According to the Complaint, Riverside served the Writ of Garnishment on Wells Fargo's registered agent on January 16, 2025. Compl. 2. The Writ of Garnishment states that Riverside's attorney issued the Writ on January 13, 2025 pursuant to Conn. Gen. Stat. § 52-278f, which provides:

> In an action upon a commercial transaction, as defined in section 52-278a, wherein the defendant has waived his right to a notice and hearing under sections 52-278a to 52-278g, inclusive, the attorney for the plaintiff shall issue the writ for a prejudgment remedy without securing a court order provided that (1) the complaint shall set forth a copy of the waiver; (2) the plaintiff shall file an affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff; (3) the plaintiff shall include in the process served on the defendant a

6

>  notice satisfying the requirements of subsections (b) and (c) of section 52-278e;
>  and (4) service of process of such complaint be returned to the court (A) within
>  twelve days, inclusive, after the earlier of (i) service of process upon the
>  defendant preventing the dissipation of property, or (ii) service of process upon
>  any third person holding property of the defendant, and (B) at least six days
>  before the return date.

Conn. Gen. Stat. § 52-278f.

Here, Riverside does not dispute that it never returned service of process of the complaint to Connecticut Superior Court or filed in court a probable cause affidavit or any other document relating to the dispute between Riverside and Pacific. Pursuant to Conn. Gen. Stat. § 52-278f(4), Riverside was required to return the service of process to court within 12 days of service upon Wells Fargo and at least six days before the return date.[3] By February 18, 2025, the date this federal action was filed, the deadline pursuant to Conn. Gen. Stat. § 52-278f(4) had passed and the Writ was void.[4]

---

[3] Counsel was also required to file the probable cause affidavit in court by that deadline. *See Norwalk Bank v. Tomborello*, No. CV91 0286007 S, 1992 WL 135291, at *2 (Conn. Super. Ct. June 4, 1992) (stating that under § 52-278f, "[t]he filing of the affidavit, by a plain reading of the statute, must be done when the process is returned to court, that process having been previously served on the parties against whom the prejudgment remedy is issued").

[4] Wells Fargo asserts that the Writ was void pursuant to Conn. Gen. Stat. § 52-278j(a), which requires dismissal of a prejudgment remedy if a plaintiff does not serve and file in the Connecticut Superior Court the writ, complaint, and summons within 30 days of the issuance of the prejudgment remedy. *See* Conn. Gen. Stat. § 52-278j(a) ("If an application for a prejudgment remedy is granted but the plaintiff, within thirty days thereof, does not serve and return to court the writ, summons and complaint for which the prejudgment remedy was allowed, the court shall dismiss the prejudgment remedy."). Conn. Gen. Stat. § 52-278j appears to cover those instances where a prejudgment remedy was issued by the court. Here, as no prejudgment remedy request was ever made to the court, and Riverside never filed the return of service and associated documents in court, there was never anything pending in court to dismiss. Rather, to the extent the Writ of Garnishment was properly served in the first instance, it lapsed when Riverside failed to comply with Conn. Gen. Stat. § 52-278f's requirement to file the return of service with the court. But in any event, regardless of whether the deadline in § 52-278f or § 52-278j applies, Riverside did not timely file the required documents in Connecticut Superior Court.

**B.     Without the Prejudgment Remedy, There Is No Case or Controversy**

Riverside seeks a declaratory judgment that it properly served the Writ of Garnishment on Wells Fargo and that Wells Fargo was not entitled to disregard the Writ and release Pacific's funds on January 18, 2025. But even if I was to agree that Wells Fargo prematurely released the funds, such a determination would have no impact on any dispute between the parties as the Writ lapsed when Riverside failed to take the necessary steps in Connecticut Superior Court. Indeed, the Writ was void even before Riverside filed this case against Wells Fargo in federal court on February 18, 2025. Therefore, when Riverside filed the present case, and to this day, Wells Fargo does not owe any legal obligation to Riverside stemming from the Writ of Garnishment.

Consequently, without a live dispute, I do not have subject matter jurisdiction to issue a declaratory judgment—the form of relief sought by Riverside. Compl. 3. The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has held that the "actual controversy" language of the Act requires a substantive legal dispute between the parties. "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007); *see also Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 752 (2d Cir. 1996) ("The Declaratory Judgement Act permits declaratory relief only in cases presenting 'actual

controvers[ies],'" 28 U.S.C. § 2201(a), a requirement that incorporates into the statute the case or controversy limitation on federal jurisdiction found in Article III of the Constitution.").

Without a valid Writ of Garnishment, there is no dispute in this case, and hence I lack authority under Article III of the Constitution to issue a declaratory judgment. Riverside does not seek anything from this court beyond a declaratory judgment related to the Writ of Garnishment.

Riverside does not argue the Writ is currently valid. Instead, Riverside asserts that there was an actual controversy on January 16, 2025, at the moment Riverside served the Writ of Garnishment on Wells Fargo. *See* Pl.'s Mem. 3 ("Even if the prejudgment writ later lapsed or experienced some other change in status after-the-fact, the actionable controversy arose and existed *at the moment* Wells Fargo unilaterally disregarded the valid service to help itself.").

Riverside misunderstands the timeframe of the Article III case-or-controversy requirement. Rather than looking at some moment in the past, I must consider the moment the case was filed in federal court to determine if the case-or-controversy requirement is met. *See Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 595 (2d Cir. 1996) (asserting, in reviewing whether plaintiff had standing to bring declaratory judgment action, that the question was "whether, at the time the complaint was filed, an actual case or controversy existed"); *see also Golden v. Zwickler*, 394 U.S. 103 (1969) ("The District Court erred in holding that [the plaintiff] was entitled to declaratory relief if the elements essential to that relief existed '(w)hen this action was initiated.' The proper inquiry was whether a 'controversy' requisite to relief under the Declaratory Judgment Act existed at the time of the [relevant pleading].").

Therefore, even if I assume that Riverside validly served the prejudgment remedy on Wells Fargo, and Wells Fargo thus owed a legal obligation on January 16, 2025 to Riverside

9

to secure Pacific's funds, there would still be no actual controversy in this case. "A plaintiff seeking injunctive relief or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Deshawn E, by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983)). Although Riverside alleges it was harmed by the release of the funds contrary to Writ of Garnishment on January 18, 2025, it alleges no present or future injury that would be redressed by a declaratory judgment. Compl. 2. In other words, given the Writ has lapsed, there is no likelihood that a favorable decision by this Court will bring about some change.

Finally, Riverside argues that the injury it suffered is capable of repetition while evading review and should therefore satisfy Article III. Pl.'s Mem. 4. Yet this exception to the mootness doctrine does not apply in cases such as this one where there was no case or controversy at the time the action was initially filed. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000) (stating that "if a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum"). Moreover, Riverside could have addressed its concerns about Wells Fargo's actions by timely pursuing the matter in Connecticut Superior Court.

## IV.    CONCLUSION

For the foregoing reasons, Wells Fargo's Motion to Dismiss pursuant to Rule 12(b)(1) is granted and Riverside's Complaint is dismissed for lack of subject matter jurisdiction. The Clerk is respectfully directed to close the case.

**SO ORDERED.**

New Haven, Connecticut
January 7, 2026

                                                       /s/*Sarah F. Russell*
                                                       SARAH F. RUSSELL
                                                       United States District Judge